Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Laurel Jane Holland
Special Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 1 6 2023

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | 4:23-CR-6017-SAB |
|---|---|
| Plaintiff, | INDICTMENT |
| v. | Vio: 18 U.S.C. § 2422(b)<br>Online Enticement<br>(Count 1) |
| CHANSE JACOB HARMELLE (a/k/a "Max"), | 18 U.S.C. § 2251(a), (e)<br>Production of Child Pornography<br>(Count 2) |
| Defendant. | 18 U.S.C. § 1591(a)(1), (b)(2)<br>Child Sex Trafficking<br>(Count 3) |
| | 18 U.S.C. § 2428, 18 U.S.C. § 2253, 18 U.S.C. § 1594<br>Forfeiture Allegations |

The Grand Jury charges:

COUNT 1

Between on or about June 10, 2020, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE

INDICTMENT – 1

(a/k/a "Max"), did knowingly use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce Minor M, an individual who had not attained the age of 18 years, to engage in prostitution or any sexual activity for which a person can be charged with a criminal offense, including WASH. REV. CODE § 9A.44.079, Rape of a Child in the Third Degree, all in violation of 18 U.S.C. § 2422(b).

## COUNT 2

Between on or about June 10, 2020, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely Minor M, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; and such visual depiction having been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and

in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a), (e).

## COUNT 3

Between on or about June 10, 2021, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), in and affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means a person, namely Minor M, knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe Minor M, that Minor M had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of 18 U.S.C. §1591(a)(1), (b)(2).

## NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 2428, upon conviction of an offense in violation of 18 U.S.C. § 2422, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), shall forfeit to the United States of America, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real

INDICTMENT – 3

or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

If any of the property described above, as a result of any act or omission of the Defendant:

   a.   cannot be located upon the exercise of due diligence;
   b.   has been transferred or sold to, or deposited with, a third party;
   c.   has been placed beyond the jurisdiction of the court;
   d.   has been substantially diminished in value; or
   e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c)

Pursuant to 18 U.S.C. § 2253, upon conviction of an offense in violation of 18 U.S.C. § 2251(a), (e), as alleged in this Indictment, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), shall forfeit to the United States of America any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be

INDICTMENT – 4

used to commit or to promote the commission of such offenses, or any property traceable to such property.

If any of the property described above, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

Pursuant to 18 U.S.C. § 1594, upon conviction of an offense in violation of 18 U.S.C. § 1591, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), shall forfeit to the United States of America any property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of the offense[s], and any property traceable to such property; and any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense[s], and any property traceable to such property.

If any of the property described above, as a result of any act or omission of the Defendant

    a.    cannot be located upon the exercise of due diligence;

INDICTMENT – 5

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

DATED this 16 day of May, 2023.

A TRUE BILL

*Vanessa Waldref* (signature)
Vanessa R. Waldref
United States Attorney

*Laurel Holland* (signature)
Laurel J. Holland
Special Assistant United States Attorney

INDICTMENT – 6