FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 02, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>CHANSE JACOB HARMELLE,<br><br>              Defendant. | No. 4:23-CR-06017-SAB-1<br><br>**ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER** |

Before the Court is the United States' Motion for Protective Order re: Identification of Minor Victims Pursuant to 18 U.S.C. § 3509, ECF No. 21, and Motion for Protective Order re: Computer Forensic Review Procedures, ECF No. 22. The motions were considered without oral argument. The United States is represented by Assistant United States Attorney Laurel Holland. Defendant Chanse Jacob Harmelle is represented by Federal Public Defender Paul Shelton.

The parties stipulate and request the Court to enter a protective order regarding discovery in this matter, pursuant to 18 U.S.C. § 3509(a), and to prevent disclosure of the alleged minor victim's identity. The Court finds good cause to grant the motions.

//

//

**ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER** *1

Accordingly, it is **HEREBY ORDERED**:

1. The United States' Motion for Protective Order re: Identification of Minor Victims Pursuant to 18 U.S.C. § 3509, ECF No. 21, and Motion for Protective Order re: Computer Forensic Review Procedures, ECF No. 22, are **GRANTED**.

### ORDER REGARDING FORENSIC REVIEW

2. The Court finds 18 U.S.C. § 3509(m) applies to this case, and the Court is required to deny defense requests to copy, photograph, duplicate, or otherwise reproduce material constituting child pornography if the government makes the material reasonably available to Defendant and provides an ample opportunity for the defense to examine it at a government facility. *See* 18 U.S.C. § 3509(m).

3. In order to comply with 18 U.S.C. § 3509(m), and to allow Defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the government will make a forensic copy or "image" of devices and media containing alleged child pornography contraband at issue in the above-referenced case. The government will make any forensic images reasonably available to Defendant and provide ample opportunity for the defense team to examine them at a government facility in Spokane, Washington. The parties may readdress the Court if there is a need for additional or after-hours access during the course of litigation in the event trial or motion hearings require additional forensic review.

4. Each defense forensic examination may be conducted in an interview room monitored by closed-circuit television ("CC-TV"), without audio feed. If so, the TV with non-audio feed will ensure the integrity of government agency space and security of its occupants, and will not be of sufficient detail or at an angle that would reveal defense strategy. The government and its agents will make no attempt to record any audio from the workstation and no attempt to observe either defense

**ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER** *2

team's work product or computer monitor screen at any time. The defense expert may review the feed to ensure that defense strategy is not being compromised at any time while conducting the forensic review.

5. The defense team[1] shall neither make, nor permit to be made, any copies of the alleged child pornography contraband pursuant to this Protective Order, nor will they remove any contraband images from the government facility. The defense expert will be allowed to copy any file that is not contraband and compile a report (without contraband images/videos) documenting the examination on removable media at the discretion of the defense expert.

6. Any defense counsel and/or designated defense expert will leave at the government facility any equipment, including hard drives, which contain child pornography contraband that is identified during forensic evaluation.

7. For the purpose of trial, the government will make available a digital copy of any government trial exhibit that contains contraband, which will be kept in the custody and control of the case agent. Upon reasonable notice by the defense, the case agent will also maintain for trial digital copies of any proposed defense exhibit that contains contraband. If the defense team intends to offer, publish, or otherwise utilize any government or defense exhibit contained on the digital copy maintained by the case agent during trial, the case agent shall assist the defense team in publishing or utilizing the exhibit that contains contraband upon reasonable notification by the defense team.

**ORDER REGARDING IDENTIFICATION OF MINOR VICTIMS**

8. The privacy protection measures mandated by 18 U.S.C. § 3509(d), which apply when a case involves a person under the age of eighteen years who is

---

[1] For purposes of this Protective Order, the term "defense team" refers solely to Defendant's counsel of record ("defense counsel"), Defendant's designated expert ("defense expert"), and a defense investigator.

**ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER** *3

alleged to be a victim of a crime of sexual exploitation, or a witness to a crime committed against another person, apply to this case.

9. All persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B), shall:

    a. Keep all documents that disclose the names, identities, or any other information concerning minors in a secure place to which no person who does not have reason to know their contents has access;

    b. Disclose such documents or the information in them that concerns minors only to persons who, by reason of their participation in the proceeding, have reason to know such information;

    c. Not permit Defendant to review discovery outside the presence of defense counsel or a defense investigator;

    d. Not permit Defendant to keep discovery in their own possession outside the presence of defense counsel or a defense investigator; and

    e. Not permit Defendant to keep, copy, or record the identities of any minor or victim identified in discovery in this case.

10. All papers to be filed in Court that disclose the names or any other information identifying or concerning minors shall be filed under seal without necessity of obtaining a Court order, and that the person who makes the filing shall submit to the Clerk of the Court:

    a. The complete paper to be kept under seal; and

    b. The paper with the portions of it that disclose the names or other information identifying or concerning children redacted, to be placed in the public record.

11. The parties and the witnesses shall not disclose minors' identities during any proceedings connected with this case. The parties and witnesses will refer to alleged minor victims only by using agreed-upon initials or pseudonyms (e.g., "Minor Victim 1"), rather than their bona fide names, in motions practice,

**ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER** \*4

opening statements, during the presentation of evidence, in closing arguments, and during sentencing.

12. The United States may produce discovery to the defense that discloses the identity and images of alleged minor victims in this case, in order to comply with the United States' discovery obligations. Defendant, the defense team, Defendant's attorneys and investigators, and all of their externs, employees, and/or staff members, shall keep this information confidential as set forth above.

13. This Order shall apply to any attorneys who subsequently become counsel of record, without the need to renew or alter the Order.

14. This Order shall apply to the personal identifying information and images of any minors who are identified over the course of the case, whether or not such minors are known to the United States and/or Defendant at the time the Order is entered by the Court.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 2nd day of June 2023.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING STIPULATED MOTIONS FOR PROTECTIVE ORDER** *5