Todd Blanche
Attorney General of the United States
Laurel Jane Holland
Rebecca R. Perez
Assistant United States Attorneys
Eastern District of Washington
Post Office Box 21
Richland, WA, 99352
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
NOV 04 2026
SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHANSE JACOB HARMELLE (a/k/a "Max"),<br><br>Defendant. | 4:23-CR-06017-RLP<br><br>SECOND SUPERSEDING INDICTMENT<br><br>Vio: 18 U.S.C. § 2422(b)<br>Online Enticement of a Minor<br>(Count 1)<br><br>18 U.S.C. § 2251(a), (e)<br>Production of Child Pornography<br>(Count 2, 18)<br><br>18 U.S.C. § 1591(a)(1), (b)(2)<br>Child Sex Trafficking<br>(Count 3, 19)<br><br>18 U.S.C. § 2252A(a)(2), (b)(1)<br>Distribution of Child Pornography<br>(Count 4)<br><br>18 U.S.C. § 2422(b)<br>Attempted Online Enticement of a Minor<br>(Counts 5, 8, 15, 16, 17, 21) |

18 U.S.C. § 2251(a), (e)
Attempted Production/Production of Child Pornography
(Counts 6, 9, 11, 23)

18 U.S.C. § 2251(a), (e)
Attempted Production of Child Pornography
(Counts 7, 10, 12, 13, 14, 20)

18 U.S.C. § 2252A(a)(5)(B), (b)(2)
Possession of Child Pornography
(Count 22)

18 U.S.C. § 2428, 18 U.S.C. § 2253, 18 U.S.C. § 1594
Forfeiture Allegations

The Grand Jury charges:

COUNT 1

Between on or about June 10, 2020, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce Minor 1, an individual who had not attained the age of 18 years, to engage in any sexual activity for which a person can be charged with a criminal offense, including WASH. REV. CODE § 9A.44.079, Rape of a Child in the Third Degree, all in violation of 18 U.S.C. § 2422(b).

//

COUNT 2

Between on or about June 10, 2020, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely Minor 1, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; and such visual depiction having been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a), (e).

COUNT 3

Between on or about June 10, 2021, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), in and affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize,

and solicit by any means a person, namely Minor 1, knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe Minor 1, that Minor 1 had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of 18 U.S.C. §1591(a)(1), (b)(2).

COUNT 4

Between on or about June 10, 2020, and continuing through on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly distribute child pornography, as defined in 18 U.S.C. § 2256(8)(A), which had been mailed, shipped and transported in interstate commerce by any means, including by computer, to wit: images depicting minor children engaging in sexually explicit conduct, including, but not limited to, the lascivious exhibition of the genitals and pubic area, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1).

COUNT 5

Between on or about July 1, 2021, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did unlawfully and knowingly attempt to use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce Minor 2, an individual who had not attained the age of 18 years, to engage any sexual activity for which a person can be charged with a criminal offense, including

WASH. REV. CODE § 9A.44.079, Rape of a Child in the Third Degree, all in violation of 18 U.S.C. § 2422(b).

COUNT 6

Between on or about July 1, 2021, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly employ, use, persuade, induce, entice, and coerce a minor, and did knowingly attempt to employ, use, persuade, induce, entice, and coerce a minor, namely Minor 2, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; and such visual depiction having been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a), (e).

//

//

COUNT 7

Between on or about August 1, 2021, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly attempt to employ, use, persuade, induce, entice, and coerce a minor, namely Minor 3, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; and such visual depiction having been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a), (e).

COUNT 8

Between on or about June 1, 2021, and on or about September 1, 2021, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did unlawfully and knowingly attempt to use a facility and means of interstate and foreign commerce to persuade, induce, entice,

and coerce Minor 4, an individual who had not attained the age of 18 years, to engage in any sexual activity for which a person can be charged with a criminal offense, including WASH. REV. CODE § 9A.44.079, Rape of a Child in the Third Degree, all in violation of 18 U.S.C. § 2422(b).

COUNT 9

Between on or about June 1, 2021, and on or about September 1, 2021, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly employ, use, persuade, induce, entice, and did knowingly attempt to employ, use, persuade, induce, entice, and coerce a minor, namely Minor 4, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; and such visual depiction having been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a), (e).

COUNT 10

Between on or about April 1, 2021, and on or about September 1, 2021, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly attempt to employ, use, persuade, induce, entice, and coerce a minor, namely Minor 5, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; and such visual depiction having been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a), (e).

COUNT 11

Between on or about June 1, 2020, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly employ, use, persuade, induce, entice, and coerce a minor, and did knowingly attempt to employ, use, persuade, induce, entice, and

coerce a minor, namely Minor 6, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; and such visual depiction having been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a), (e).

COUNT 12

Between on or about June 1, 2021, and on or about August 1, 2021, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly attempt to employ, use, persuade, induce, entice, and coerce a minor, namely Minor 7, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign

commerce; and such visual depiction having been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a), (e).

COUNT 13

Between on or about October 23, 2020, and on or about August 1, 2021, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly attempt to employ, use, persuade, induce, entice, and coerce a minor, namely Minor 8, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; and such visual depiction having been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate

and foreign commerce, and in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a), (e).

COUNT 14

Between on or about June 1, 2021, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly attempt to employ, use, persuade, induce, entice, and coerce a minor, namely Minor 9, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; and such visual depiction having been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a), (e).

COUNT 15

Between on or about August 1, 2021, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE

(a/k/a "Max"), did unlawfully and knowingly attempt to use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce Minor 3, an individual who had not attained the age of 18 years, to engage in any sexual activity for which a person can be charged with a criminal offense, including WASH. REV. CODE § 9A.44.076, Rape of a Child in the Second Degree, all in violation of 18 U.S.C. § 2422(b).

COUNT 16

Between on or about June 1, 2020, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did unlawfully and knowingly attempt to use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce Minor 6, an individual who had not attained the age of 18 years, to engage in any sexual activity for which a person can be charged with a criminal offense, including 18 U.S.C. § 2251(a), (e), Production of Child Pornography, all in violation of 18 U.S.C. § 2422(b).

COUNT 17

Between on or about June 10, 2020, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did unlawfully and knowingly attempt to use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce Minor

10, an individual who had not attained the age of 18 years, to engage in any sexual activity for which a person can be charged with a criminal offense, including WASH. REV. CODE § 9A.44.079, Rape of a Child in the Third Degree, all in violation of 18 U.S.C. § 2422(b).

COUNT 18

Between on or about June 10, 2020, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely Minor 10, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; and such visual depiction having been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a), (e).

//

COUNT 19

Between on or about June 10, 2021, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), in and affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means a person, namely Minor 10, knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe Minor 10, that Minor 10 had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of 18 U.S.C. § 1591(a)(1), (b)(2).

COUNT 20

Between on or about September 1, 2020, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly attempt to employ, use, persuade, induce, entice, and coerce a minor, namely Minor 11, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; and such visual depiction having been produced using materials that had been mailed, shipped, and transported in and affecting

interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a), (e).

COUNT 21

Between on or about September 1, 2020, and on or about June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did unlawfully and knowingly attempt to use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce Minor 11, an individual who had not attained the age of 18 years, to engage in any sexual activity for which a person can be charged with a criminal offense, including 18 U.S.C. § 2251(a), (e), Production of Child Pornography, all in violation of 18 U.S.C. § 2422(b).

COUNT 22

Between on or about April 23, 2022, and June 3, 2022, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly possess material that contained one or more visual depictions of child pornography, as defined in 18 U.S.C. § 2256(8)(A), the production of which involved the use of a minor engaging in sexually explicit conduct, and which visual depictions were of such conduct; which had been

mailed, shipped and transported in, or using any means or facility of, interstate and foreign commerce by any means, including by computer, and which were produced using materials that had been mailed, shipped and transported in or affecting interstate or foreign commerce, by any means including computer, all in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

COUNT 23

Between on or about July 19, 2021, and on or about August 1, 2021, in the Eastern District of Washington, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), did knowingly employ, use, persuade, induce, entice, and coerce a minor, and did knowingly attempt to employ, use, persuade, induce, entice, and coerce a minor, namely Minor 12, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; and such visual depiction having been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate

and foreign commerce, and in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. § 2251(a), (e).

NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

The allegations set forth in this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 2428, upon conviction of an offense(s) in violation of 18 U.S.C. § 2422(b), as alleged in this Second Superseding Indictment, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), shall forfeit to the United States of America, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense(s) and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense(s). The property to be forfeited includes, but is not limited to:

a Samsung Galaxy Note 9 cellular phone, IMEI: 358496099621995 and internal SIM card and SD card

Pursuant to 18 U.S.C. § 2253, upon conviction of an offense(s) in violation of 18 U.S.C. § 2251(a), (e); and/or 18 U.S.C. § 2252A(a)(2), (b)(1); and/or 18 U.S.C. § 2252A(a)(5)(B), (b)(2), as alleged in this Second Superseding Indictment, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), shall forfeit to the United States of America any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260

of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property. The property to be forfeited includes, but is not limited to:

a Samsung Galaxy Note 9 cellular phone, IMEI: 358496099621995
and internal SIM card and SD card

Pursuant to 18 U.S.C. § 1594, upon conviction of an offense in violation of 18 U.S.C. § 1591, as alleged in this Second Superseding Indictment, the Defendant, CHANSE JACOB HARMELLE (a/k/a "Max"), shall forfeit to the United States of America any property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of the offense(s) and any property traceable to such property; and any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense(s), and any property traceable to such property. The property to be forfeited includes, but is not limited to:

a Samsung Galaxy Note 9 cellular phone, IMEI: 358496099621995
and internal SIM card and SD card

If any of the property described above, as a result of any act or omission of the Defendant,

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and/or 18 U.S.C. § 2253(b)

DATED this 4 day of November 2026.

[redacted]

Todd Blanche
Attorney General

______________________
Alison L. Gregoire
Criminal Chief

______________________
Laurel J. Holland
Assistant United States Attorney

______________________
Rebecca R. Perez
Assistant United States Attorney